UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERI CURLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                  /

Case No. 2:15-cv-12982

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTION [24],
ADOPTING REPORT AND RECOMMENDATION [22],
DENYING PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT [16],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [20]**

Plaintiff Sheri Curler seeks review of a final decision by the Commissioner of the Social Security Administration ("SSA"). Curler filed two applications for Supplemental Security Income and Disability Insurance Benefits, both of which were denied. After each denial, Curler sought de novo review from an Administrative Law Judge ("ALJ"). The ALJs determined that Curler was not disabled, and the SSA Appeals Council declined to review the rulings. *See* Appeals Council Denials, AR[1] 6–10, ECF No. 13-2; AR 119–124, ECF No. 13-3. After Curler filed the present action, the Court referred the matter to Magistrate Judge Anthony Patti, and the parties filed cross-motions for summary judgment. *See* Mot. Summ. J., ECF Nos. 16, 20. The magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny Curler's motion and grant the Commissioner's motion. Report, ECF No. 22. Curler filed a timely objection to the Report. Obj., ECF No. 24. After examining the record and considering Curler's objection de novo, the Court concludes

---

[1] "Administrative Record"

that her arguments do not have merit. Accordingly, the Court will adopt the Report's findings, deny Curler's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Curler's action against the Commissioner. Report 2–5, ECF No. 22. The Court will adopt that portion of the Report.

## STANDARDS OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) and (3). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without

directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (quotations omitted).

## DISCUSSION

Curler raises only one objection to the Report, but in two parts. First, she argues that the magistrate judge failed to show how he found that the ALJ properly assigned weight to Dr. Ingram's opinion, as required by 20 C.F.R. 404.1527(c) and SSR 96-2p. Second, she argues that the Report does not state how the ALJ's failure to follow those two provisions could be construed as harmless error.

The Social Security Administration assigns weight to medical opinions in accordance with 20 C.F.R. 404.1527(c) and SSR 96-2p. "Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2P,1996 WL 374188 (July 2, 1996). And even if "a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is 'not inconsistent' with the other substantial evidence in the case record." *Id.* When a medical opinion is not given controlling weight, the ALJ considers the following factors in deciding the weight to give to the opinion: (1) examining relationship; (2) treatment relationship, including its length, nature, extent, and the frequency of examinations; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. 20 C.F.R. § 404.1527(c); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 836–37 (6th Cir. 2016).

The ALJ explained why Dr. Ingram's opinion was given little weight. Dr. Ingram had estimated that Curler "had extreme limitations in concentration, persistence, or pace and marked limitations in social functioning[.]" AR 30, ECF No. 13-2. But Curler's conditions had been "described as stable and responsive to treatment," and the ALJ had received testimony from Curler to that effect. *Id.* at 25–26. Consequently, the ALJ afforded little weight to Ingram's opinion, and specifically mentioned that it was unsupported by and inconsistent with the medical evidence — just as required by 20 C.F.R. § 404.1527(c). *Id.* at 30. Curler has therefore failed to show that the ALJ failed to comply with the Social Security Administration's requirements for weighting medical opinions. Since the Court finds no error, there is no need to consider potential harmlessness.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Curler's objection. The Court finds Curler's objection unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Curler's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objection to the Report and Recommendation [24] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [22] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: February 28, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager